David McIntosh *et al.*

*v.*

The People *ex rel.* McCrea.

1. Taxes—*mode of collecting back taxes of* 1873 *in cities.* Under the act of 1877, providing for the collection of back taxes for the years 1873 and 1874, which were attempted to be collected under a void law, in cities, the common council was required by ordinance to ascertain and cause to be certified to the county clerk the amount that was required to be raised for municipal purposes. It appeared that eighteen mills on the dollar was levied by the city of Chicago for the year 1873, which was based on a city assessment which was unauthorized. The council, in ascertaining the amount of

the levy for that year, calculated the per cent on the assessment made by the town assessors, an assessment which was legal and proper, which increased the sum to be certified some $82,000 and more: *Held*, the amount should have been ascertained upon the city assessment, and that as to the excess of the levy above that sum the tax was excessive and unauthorized.

2. Although the city assessment was illegal, yet as the levy of a certain sum on the dollar was made on it for the year 1873, it was proper, under the act of 1877, to consider that assessment in ascertaining the sum actually sought to be raised for that year, if within the appropriation ordinance.

3. A city, in certifying the amount of taxes to be levied for any one year, is limited to the amount in the appropriation ordinance, but it is not required that the entire sum be levied and collected.

4. SAME—*sale of lots under void law no defence to taxes subsequently levied.* Where lots have been sold for the city taxes of a certain year under a void law, so that no title passes, and the city becomes the purchaser, and subsequently, under a new law, the taxes of such year are again extended and sought to be collected, such void sale will present no defence to the collection of the tax.

WRIT OF ERROR to the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and the Hon. GEO. W. PLEASANTS and Hon. JOSEPH M. BAILEY, Justices.

Mr. W. C. GOUDY, and Mr. JOHN P. WILSON, for the plaintiffs in error.

Mr. FRANCIS ADAMS, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This suit is prosecuted to reverse a judgment of the Appellate Court for the First District affirming a judgment of the county court of Cook county for taxes levied by the city of Chicago for the years 1873 and 1874, under an act of the General Assembly passed in the year 1877, (Laws 1877, p. 56.) The record in this case is identical with the record in the case of *Fairfield et al.* v. *The People ex rel. McCrea,* heard and decided by this court at the June term 1879, except that this case is brought up by writ of error, while in the other case an appeal was prosecuted.

The questions now presented are mainly the same as those considered and decided in the former case. We have reconsidered them in passing upon the present case, and find no reason to change our former decision except in a single particular, and with that exception we regard the opinion in the *Fairfield case* as disposing of all the substantial questions raised in the case now before us.

The mode prescribed by the act of 1877, in section 1, for determining the amount of back taxes, was, that the city or common council " may by ordinance ascertain and determine, and cause to be certified to the county clerk of the county in which such city is situated, on or before the second Tuesday in August in any year, the total amount which was required to be raised by taxation for all municipal purposes of said city for any year or years prior to the year 1877, for or during which an assessment or levy was attempted to be made as aforesaid, the amount so certified for any year not to exceed the total amount of all appropriations made by such city for such year."

It was not on the former occasion brought to our attention that the amount which was here ascertained and determined and certified, under the above provision, as the total amount which was required to be raised by taxation for the year 1873, exceeded the amount of the levy ordinance in 1873; but it is now pointed out to us from the record that the amount so certified, and now being attempted to be collected as the tax for 1873, is by a considerable sum in excess of the amount of such levy ordinance.

The conclusion arrived at before was, that the amount which, under the act of 1877, was required to be ascertained and determined and certified as the amount which was required to be raised by taxation for all municipal purposes for any prior year, was the amount which by the action of the city council in such prior year was required to be raised by taxation; and the levy ordinance was regarded as the action of the city council in that regard.

On the 22d day of December, 1873, the common council of the city of Chicago passed an ordinance, entitled "An ordinance levying taxes for the municipal year A. D. 1873." It ordains that a certain number of mills on the dollar, making an aggregate of eighteen mills on the dollar, " be, and the same are hereby respectively levied and assessed upon all taxable real and personal estate in the city of Chicago, according to the assessed value thereof, for the municipal year eighteen hundred and seventy-three." This, whether a valid levy of taxes or not, is the amount which was by the common council attempted to be raised by taxation for the year 1873, and it is a determination by them of the amount which was required to be raised by taxation for the year 1873, and, for the purpose of ascertaining what was the amount thus required to be raised, the levy ordinance may be looked to, and is the proper evidence of that fact.

On June 30, 1873, the common council passed an appropriation ordinance, and it is contended by defendants in error that it is this appropriation ordinance which shows the amount that was required to be raised by taxation for 1873, and some such view would seem to have been taken by the city council in their action under the law of 1877, as the total appropriation for 1873, less the miscellaneous receipts by the city applicable to the payment of appropriations, is the exact amount certified by the city council as the tax for 1873. This ordinance making appropriations was passed in pursuance of the charter of the city of Chicago, and did not purport to impose or levy taxes or to determine the amount of taxes which should be raised for the year 1873. By law it was but an estimate of expenditures, and fixed a limit to the expenses of the year. It was by law made the *limit*, not the *measure*, of taxation. The tax levy could not exceed the appropriations, but might be, and in practice always is, less than the appropriations, as the city has a large income to meet appropriations from sources other than taxation.

The appropriations are made in the first quarter of the fiscal year, and based upon the estimated expenditures for the year; but the city, during the year, may diminish the number of employees, the compensation of employees and officers, and determine what improvements shall be made during the year, in all which ways the sum required to be raised by taxation may be reduced below the amount of the appropriation for estimated expenses; hence the necessity of some further action by the common council to determine and fix upon the amount which is required to be raised by taxation; and the further act in that regard, in the present case, was the levy ordinance of December 22, 1873. If no further action had been taken by the common council than the passage of the appropriation ordinance, it could not be said that any attempt had been made to levy or impose city taxes for the year 1873, or that there had been any determination by the council of the amount which was required to be raised by taxation for that year.

The levy ordinance of 1873 required eighteen mills on the dollar "to be levied and assessed upon all taxable real and personal estate in the city of Chicago, according to the assessed value thereof, for the municipal year eighteen hundred and seventy-three."

There were two assessments in Chicago in 1873—one legal, made by the town assessors, upon which the present taxes are extended; the other illegal, being made by the city assessor, under the unconstitutional "City Tax Act." Upon which assessment is the computation to be made of eighteen mills on the dollar, in order to arrive at the amount which was required to be raised by taxation in the year 1873? Plaintiffs in error say, the legal assessment, made by the town assessors. As that assessment was less in amount than the one made by the city assessor, the computation on the former would make the excess of the amount certified as the tax for 1873 over the amount required to be raised by the levy ordinance larger than if the computation be made on the city assessment. It appears, from the record, that there was no attempt by the city

of Chicago, in either of the years 1873 or 1874, to levy taxes under the general revenue law, but that whatever was done towards levying taxes for those years was done under the act commonly known as the city tax act, which has been declared by this court to be unconstitutional.

We can have no doubt that the assessment referred to in the levy ordinance, upon which the computation of eighteen mills on the dollar was to be made, was the one made by the city assessor, and not that made by the town assessors; and that, in order to find the sum which was determined and fixed upon by the common council, in 1873, as the amount required to be raised by taxation for that year, the computation must be upon the assessment made by the city assessor. But, then, it is said by plaintiffs in error that was an illegal assessment, and a levy upon that assessment would be a void levy, and that there must first have been a legal levy of taxes before they can be collected. Under the general revenue law, which should have been pursued, in 1873, the proper authorities of the city should have certified to the county clerk the amount which they required to be raised by taxation. The provision of the statute for such a certificate indicates the main thing to be, the requiring of an amount to be raised by taxation. Calculating the percentage named as to be raised, on a legal or illegal assessment, if it was the one contemplated by the ordinance, would equally ascertain the amount which had been fixed upon and determined by the common council as the amount required to be raised by taxation, and this amount, so long as it was within the limit of the appropriation, and for proper municipal purposes, would not be subject to question. What is required under the act of 1877 is, that the city council should cause to be certified to the county clerk the amount which was required to be raised by taxation for the years 1873 and 1874. If such amount had been fixed upon and determined in those years by an ordinance of the common council, and it was ascertained and certified pursuant to the act of 1877, then there would be a sufficient levy of taxes.

35—93 Ill.

Eighteen mills on the dollar computed on the city assessment for 1873 produces $5,617,313.91. This we find to be the amount which was required to be raised by taxation for the year 1873. The amount certified under the act of 1877 as the amount so required to be raised for 1873 is $5,699,676.44, being an excess over the true amount—the amount which should have been certified—of $82,362.53. In respect to that amount, we find the tax now being attempted to be collected as the taxes for 1873 to be excessive, and unauthorized by the act of 1877, and the judgments to be erroneous, and for this reason they must be reversed in part.

We find, from calculation, that one and $\frac{45}{100}$ per cent on the amounts of the judgments for the taxes for 1873 expresses with sufficient correctness the extent of the error in the judgments. The judgments of the Appellate and county courts will, then, be affirmed, except as to one and $\frac{45}{100}$ per cent on the amounts of the judgments for the taxes for the year 1873, and, to the extent of such exception, they are reversed.

We are asked by defendants in error, under the provision of the statute of 1877 in that regard, to allow ten per cent damages on the amount of the judgment affirmed. As, under that provision, damages may be given for any amount not exceeding ten per cent, they may be given for any sum, however small, a nominal sum, which really makes the giving of damages discretionary. We do not look upon the present case as one calling for an award of damages. We will, however, apportion the costs, and direct that the appellants shall recover only one-half of their costs in this court.

It appears that at the tax sales in 1873 and 1874 the city purchased the lots of some of the plaintiffs in error for the taxes, and this is claimed to be a defence to a judgment now for the same taxes. The sales for the city taxes for those years were under the unconstitutional city tax act. The sales were, therefore, void, and may be held for naught, and treated as if they had never been made.

*Judgment reversed in part, and in part affirmed.*